Jerome Harold **WEINBERG,**
Appellant,

v.

Arthur James **RUBINER,** Trustee,
Appellee.

No. 12906.

United States Court of Appeals
Sixth Circuit.

Dec. 13, 1956.

C. Leo Wing, Detroit, Mich., for appellant.

Norman Rom, Detroit, Mich., for appellee.

Before ALLEN, STEPHENS, and MILLER, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy filed objections to the discharge of the bankrupt on the ground that subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy herein, the bankrupt transferred property to his mother with intent to hinder, delay and defraud his creditors. Sec. 14, sub. c(4), Bankruptcy Act, § 32, sub. c(4), Title 11 U.S.C.A. The Referee found that at the time the bankrupt made the transfers to his mother, he did so with intent to hinder, delay and defraud creditors, sustained the objections, and denied the application for discharge. On review, the District Judge held that the Referee's findings of fact were not clearly erroneous and sustained the order, from which ruling this appeal was taken.

The referee, in making his findings, reviewed the evidence and clearly pointed

3. Farwell v. Harding, 96 Ill. 32.

4. Farwell v. Harding, 96 Ill. 32, 38.

out the facts upon which the findings were based. For the reasons given by the Referee, the findings, which have been confirmed by the District Judge, are approved. In re Penfield Distilling Co., 6 Cir., 131 F.2d 694; New Southern Ohio Gas Co. v. Roush, 6 Cir., 138 F.2d 411, certiorari denied 321 U.S. 777, 64 S.Ct. 618, 88 L.Ed. 1070.

It Is Ordered that the judgment be affirmed.